THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN C. MILLS, Defendant-Appellant.

(No. 69-126; )

Third District—March 25, 1971.

McNEAL, J., dissenting.

Rubelle & Pratt, of Peoria, for appellant.

Lyle W. Robbin, State's Attorney, of Macomb, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant Stephen Mills, was found guilty by a jury of the offense of resisting or obstructing a peace officer. The Circuit Court of McDonough County sentenced defendant to ninety days in the state penal farm from which conviction and sentence defendant has appealed.

The only issue which we believe it necessary to consider on this appeal is defendant's contention that the giving of a deadlock instruction by the court together with the accompanying remarks constituted prejudicial error depriving him of a fair trial. After a two day trial this case was submitted to the jury at about 11:50 A.M. At about 3:50 P.M. on the same day the jury having retired to deliberate but not having reached a verdict, the record reveals the following facts. "BY THE COURT: Gentlemen, the bailiff has related to the Court a communication from the jury, which in substances is this. That they are pretty well hung up on a couple of issues and that for several ballots they have stood the same. I have asked you to come into court so that I can inform you of this communication. I purpose to give I.P.I. Instruction No. 1.05, a copy of which I hand to counsel for the respective parties. If you have any objections, you may make them for the record. BY MR. SIMHAUSER: For the record, Your Honor, it is my understanding that this is an instruction which has been approved in Illinois Pattern Instructions for civil cases. I would object to its delivery in a criminal suit. BY THE COURT: Any objection, Mr. Robbins? BY

MR. ROBBINS: I have no objection to the giving of such an instruction. BY THE COURT: It is true, as you say, Mr. Simshauser, that this is among the pattern instructions for use in civil cases. It is also true there is apparently no similar instruction in the IPI for criminal cases. The court fails to see a distinction, as I believe the instruction is a proper one, and is needful under these particular circumstances. You may bring the jury in. BY THE COURT: Will the foreman of the jury please rise. Mr. Foreman, have you been able to reach a verdict? A. No sir, we have not. Q. Without revealing exactly how the jury stand, are you divided at the present time? A. Yes, sir. Q. Have you taken a number of ballots in which the division has been the same? A. Yes, Sir. BY THE COURT: All right, you may be seated Mr. Foreman. I often wish, ladies and gentlemen, and I wish now, it were possible for the court to be of some assistance to you. I can readily appreciate the difficulty of applying the court's instructions to the facts in any given case. I am not permitted under the law, however, to in any way modify or expand the instructions which have already been given to you. I believe that you have been adequately instructed on the law. I believe the law of this case is in the instructions which you already have. Now, I know that you have made considerable effort to reach a verdict already. I can only call your attention to the fact that we have spent two days in trying this case, and it is important a verdict be reached in the case if this can be justly done. And so the court gives you the following instruction at this time. BY THE COURT: Any verdict you reach must be unanimous. And in your deliberations you should examine the questions submitted with a proper regard and consideration for the opinions of each other. You should listen to each other's arguments with an open mind, and you should make every reasonable effort to reach a verdict.".

The jury then retired for further deliberation and at about 11:25 P.M. on the same day the jury returned its verdict of guilty.

Two cases, *People v. Golub,* 333 Ill. 554, 165 N.E. 196 and *People v. Richards,* 95 Ill.App.2d 430, 237 N.E.2d 848, are the only two Illinois authorities called to our attention in which the question of giving a deadlock instruction in a criminal case is involved. In the *Golub* case the court concluded that the giving of such an instruction interfered with the independent deliberations of the members of the jury and was therefore erroneous. The court declined to reverse the conviction holding that such error was harmless.

In *People v. Richards, supra,* the court concluded that the giving of the deadlock instruction was not only erroneous but prejudicial. The court in *Richards* did not however hold specifically that the giving of a deadlock instruction would be prejudicially erroneous in any case. The opinion in-

dicates that the giving of such an instruction ought not to be encouraged. The opinion leaves little doubt that the only value or benefit of such an instruction is achieved at the expense of unjustified potential predudice.

We believe that no deadlock instruction should be given in a criminal case and that the giving of such an instruction constitutes prejudicial error. In the *Richards* and *Golub* cases the deadlock instructions were held erroneous. While the instruction given in this case is different from those considered in the foregoing cases the reasoning is equally applicable to the instruction under consideration even though the language may be said to be somewhat less direct. A deadlock instruction is effective only if and to the extent that it interferes with or limits the free and independent deliberation of a juror. Its message is by necessary implication directed primarily to the minority juror or jurors or to that group less adamant in its convictions. The mischief of the instruction is in large measure related to the practical impossibility of determining the effect upon members of the jury or any resulting prejudice. Correspondingly the benefits to be gained from the giving of such an instruction are not apparent unless it has some coercive effect. This is particularly true in a criminal case where the requirement of proof beyond a reasonable doubt imposes a considerably heavier burden on the conscience of each juror. Because of the nature of this persuasive burden in a criminal case the fact that such an instruction may be proper in a civil case is no justification for giving the instruction in a criminal case.

We believe that the failure of the drafters of Illinois Pattern Jury Instructions—Criminal to include a deadlock instruction was deliberate and recognized the undesirability of giving such an instruction. Neither from the precedents nor from the facts of this case do we find any justification for the giving of an instruction not included in the Pattern Jury Instructions—Criminal. From the accompanying remarks and the instruction given the conclusion is unavoidable that the jurors were being told to reach a verdict or else. We appreciate the desirability of jurors agreeing upon their verdict and the judge's frustration when an impasse occurs but the free and independent deliberation by the jury ought to be jealously guarded. Limitation or interference with the deliberative process is only justified where necessary to achieve some higher goal or standard of justice. For the foregoing reasons the judgment of the Circuit Court of McDonough County is reversed and remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

ALLOY, P. J., concurs.

Mr. JUSTICE McNEAL dissenting:

I regret that I cannot agree with the majority opinion that giving IPI (Civil) No. 1.05 constitutes prejudicial and reversible error in this case.

Whether the error is harmless or prejudicial depends on the facts in each case. In the *Golub* case where it did not appear how long the jurors deliberated after they retired the second time, the Court stated (333 Ill. 554, 561) that it cannot be said that the trial court's remarks interfered with the deliberations of the jurors to defendant's prejudice or that they hastened the verdict.

In the instant case the jurors had deliberated 4 hours when IPI 1.05 was given, and thereafter they deliberated nearly 8 hours before returning their verdict. The fact that they deliberated twice as long after the instructions was given as before shows that the effect of the instruction in this case was nil, and not prejudicial.

The facts here are not comparable with those in the *Richards* case, 95 Ill.App.2d 430. In that case after 2½ hours of deliberation the trial court gave not an approved IPI instruction, but an argumentative, "Allen type", erroneous instruction which blasted a guilty verdict in 18 minutes, including the time for delivery of the charge as well as the jury's adjournment from and return to the courtroom. Simply by virtue of the "marked brevity of deliberation" following the delivery of the charge, the Court concluded that an inference of coercion upon the minority jurors arose.

The comment under Supreme Court approved IPI 1.05 indicates that instructions of this type have frequently been approved by the federal courts in both civil and *criminal* cases, and that the thesis of the decisions cited in the comment is that such an instruction does not tend to coerce a verdict and is not partial to either side. Accordingly, I cannot agree that no such instruction should be given in a criminal case. Further, if such an "instruction is effective only if and to the extent that it interferes with or limits the free and independent deliberation of a juror," and produces the mischief or coercive effect suggested by the majority, then it may be reversible error to give IPI 1.05 in any case.

In my opinion the facts in this case show no prejudice to defendant by giving IPI 1.05, and the decisions cited by the majority do not so hold, there are no errors in the record requiring a reversal or a new trial, and the judgment of the trial court should be affirmed.